IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-73-BO
No. 5:16-CV-414-BO

| | |
|---|---|
| JESSE LEE CRUDUP,<br>        Petitioner, | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's § 2255 motion is dismissed.

## BACKGROUND

Petitioner was sentenced to a term of 180 months' imprisonment after pleading guilty to one count of being felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g) and 924. Petitioner was determined by the Court to qualify for increased penalties under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e). Petitioner noticed a direct appeal, and by opinion filed March 20, 2015, the court of appeals affirmed this Court's judgment.

Petitioner filed the instant § 2255 motion alleging that his trial counsel was ineffective by giving him faulty advice related to being an armed career criminal, making his guilty plea not knowing or voluntary and that he is actually innocent of the armed career criminal sentence enhancement in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner seeks

vacatur of his conviction and grant of a new trial and/or vacatur of his armed career criminal enhancement and resentencing pursuant to a statutory maximum of ten years.

## DISCUSSION

The government moves to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

I.   *Ineffective assistance of counsel claim*

In order to demonstrate that the assistance of counsel was ineffective such that a petitioner's Sixth Amendment rights were violated, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697.

Petitioner claims that his counsel was ineffective in giving petitioner faulty advice related to being an armed career criminal. As a result, petitioner contends, his guilty plea was neither knowing nor voluntary. Petitioner specifically alleges that he insisted on going to trial because of the fifteen year mandatory minimum sentence he faced until counsel guaranteed him that the

2

court of appeals would overturn his sentence and petitioner would then face a maximum of ten years imprisonment.

In order to establish *Strickland* prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A petitioner must further convince the court that going to trial "would have been rational under the circumstances." *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Petitioner was originally charged with being a felon in possession of a firearm, a felon in possession of ammunition, and possession of body armor by a violent felon. 18 U.S.C. §§ 922(g) and 931(a). The presentence report states that officers with the Raleigh Police Department located ammunition and a bullet-proof vest in petitioner's vehicle after responding to a domestic disturbance call. [DE 48]. The ammunition and bullet proof vest were located in the trunk of defendant's vehicle after defendant gave police officers permission to search, and when the trunk was opened and the ammunition and bullet proof vest were discovered defendant acknowledged possession of those items. [DE 62 at 7]. Based on the foregoing the Court finds that it would not have been objectively reasonable for petitioner to have proceeded to trial, and he cannot therefore demonstrate prejudice under *Strickland*. His ineffective assistance of counsel claim is therefore properly dismissed.

3

II. Johnson *claim*

The term "violent felony" is defined in the ACCA as being any crime punishable by imprisonment for a term exceeding one year which

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause]; or
> (ii) is burglary, arson, or extortion, involves use of explosives [the enumerated clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

18 U.S.C. § 924(e)(2)(B)(i)-(ii). In *Johnson*, the Supreme Court held that ACCA's definition of violent felony found in the residual clause, which defines a violent felony as one which "involves conduct that presents a serious potential risk of injury to another," is unconstitutionally vague. 135 S. Ct. 2557 (citing 18 U.S.C. § 924(e)(2)(B)(ii)). Petitioner's convictions, however, did not rely on the residual clause in order to qualify as ACCA predicates.

Petitioner has three prior convictions in North Carolina for robbery with a dangerous weapon which were committed on different occasions. [DE 48 ¶¶ 19-21]; *see also* [DE 63 at 4] (noting that crimes committed on separate occasions which are consolidated for sentencing in state court are only counted as a single judgment for purposes of the career offender enhancement and not in the armed career criminal context). North Carolina "robbery with a dangerous weapon involves 'the use, attempted use, or threatened use of physical force,' § 924([e])(2)(B)(i) [,] and therefore qualifies as a 'violent felony' under the force clause" of the ACCA. *United States v. Smith*, 638 Fed. App'x 216, 219 (4th Cir.), *cert. denied*, 137 S. Ct. 113 (2016) (citing *State v. Small*, 328 N.C. 175 (1991)); *see also Brown v. United States*, No. 2:99-CR-242-PMD, 2016 WL 6997280, at *3 (D.S.C. Nov. 30, 2016) (applying *United States v. Smith* to hold that North Carolina robbery with a dangerous weapon remains a violent felony after *Johnson*). *Johnson* therefore does not afford petitioner any relief from his ACCA sentence and

4

this claim is also appropriately dismissed. *See, e.g., Huntley v. United States*, No. 3:07-CR-00243-MR-1, 2016 WL 3219879, at *2 n.2 (W.D.N.C. June 7, 2016) ("Thus, where at least three of the defendant's prior convictions satisfy the "force clause" or otherwise qualify as one of the four enumerated offenses, no relief under *Johnson* is warranted.").

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 75] is GRANTED and petitioner's motion pursuant to 28 U.S.C. § 2255 [DE 71] is DISMISSED. A certificate of appealability is DENIED. The clerk is DIRECTED to close the file.

SO ORDERED, this ___ day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE